IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**February 27, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CORINNE Z.,**
**Respondent Below, Petitioner**

**v.) No. 23-ICA-329**    (Fam. Ct. Brooke Cnty. No. FC-05-2019-D-27)

**TYLER M.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Corinne Z.[1] ("Mother") appeals the Family Court of Brooke County's June 13, 2023, order denying her petition for the modification of custody. The family court held that Mother failed to comply with its previous orders and that no substantial change in circumstances had occurred. Respondent Tyler M. ("Father") filed a response in support of the family court's decision.[2] Mother filed a timely reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties, who were never married, are the parents of one child, E.J.M. The events leading to this appeal began on November 9, 2018, when Father filed a petition for a Domestic Violence Protective Order ("DVPO") against Mother. The family court granted the petition and as a result, Mother was granted supervised visitation with E.J.M three days each week for four hours per visit. The family court also ordered both parties to undergo a drug and alcohol evaluation and to submit to random drug screenings.

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Corinne Z. is self-represented. Tyler M. is represented by Elgine Heceta McArdle, Esq.

1

On February 26, 2019, Father filed a petition for the allocation of custodial responsibility. The parties reached an agreement prior to the hearing, which was scheduled for August 26, 2019. On September 13, 2019, the family court entered its *Final Order Adopting Joint Parenting Agreement* which awarded Father primary custody. The agreement also directed that Mother would continue to have supervised visitation through a local visitation center, would continue to submit to random drug screens, could call the child once daily, and was not permitted to have visits with the child further than fifty miles away.

Thereafter, Mother canceled four visits with less than twenty-four hours' notice to the visitation center between December 31, 2019, and January 28, 2020, which resulted in the visitation center terminating her access to visits. Also, the consistency of Mother's daily phone calls steadily decreased each year between 2020 and 2022.

Mother filed a petition for modification on September 29, 2022, requesting equal custody. Mother increased the frequency of her phone calls just prior to filing her petition and maintained that frequency for a brief period of time after her petition was filed. On December 29, 2022, the parties attended court-ordered mediation but failed to reach an agreement. Thereafter, a final modification hearing was scheduled for March 14, 2023. At that hearing, Mother testified that: (1) she had moved over 250 miles away, to Denver, Pennsylvania; (2) she was unemployed and had not held a full-time job for more than two months at a time; (3) she was "trying to find herself"; (4) she was hospitalized for anorexia for two weeks; and (5) she stopped complying with the family court's order for random drug testing.

The family court entered its order on June 13, 2023, denying Mother's request to modify the parenting plan. The family court found that Mother had failed to comply with its prior orders of supervised visitation and random drug screens and had failed to establish that a substantial change in circumstances had occurred. Additionally, the family court found that "the limiting factors described in West Virginia Code § 48-9-209 [were] abundantly present," continue to persist, and their existence rebuts the presumption of equal shared parenting in this case.[3] Accordingly, the family court concluded that a change in the parenting plan would not be in the child's best interest. It is from the June 13, 2023, order that Mother now appeals.

For these matters, we use the following standard of review.

---

[3] West Virginia Code § 48-9-209 (2022) provides a list of non-exclusive factors to be weighed by the family court when entering an order approving or implementing a temporary or permanent parenting plan.

"In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, 248 W. Va. 130, 133, 887 S.E.2d 255, 258 (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Mother raises two assignments of error. First, she asserts that the family court erred when it failed to modify the parenting plan. In support of her argument, Mother states that the parties' parenting plan was outdated, only meant to be used temporarily, and that her circumstances have now changed. We disagree. West Virginia Code § 48-9-401(a) (2022) states,

a court shall modify a parenting plan order if it finds, on the basis of facts that were not known or have arisen since the entry of a prior order and were not anticipated in the prior order, that a substantial change has occurred in the circumstances of the child or of one or both parents and a modification is necessary to serve the best interests of the child.

Here, the record reflects that Mother is presently unemployed and has not consistently held a full-time job, that she stopped complying with the family court's order for random drug testing, and that she testified during the family court hearing that she was "trying to find herself." Additionally, Mother has relocated more than 250 miles away from E.J.M., making any type of visitation difficult. As such, we find no error in the family court's determination that Mother failed to prove that a substantial change in circumstances has occurred.

As her final assignment of error, Mother contends that the family court failed to consider Father's history of faults which contributed to their parenting situation. Again, we disagree. Here, Mother was granted supervised visitation in September of 2019, when the family court adopted the parties' joint parenting plan. Pursuant to their agreement, Mother was to continue to submit to random drug testing and was permitted to call E.J.M. once daily. Mother cancelled four of her supervised visits and only called E.J.M. four times in 2022. Mother's second assignment of error focuses entirely on Father's alleged behavior but fails to address her own failure to follow the family court's directives. Even if the family court failed to discuss Father's alleged behavior, it is Mother's burden to establish the required substantial change of circumstances. Therefore, we find that Mother has failed to establish error or abuse of discretion by the family court.

Accordingly, we affirm the family court's June 13, 2023, order.

Affirmed.

**ISSUED:** February 27, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear